UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RKM GRETNA, LLC                                            CIVIL ACTION

VERSUS                                                          NO. 23-1317

BLACKBOARD INSURANCE                               SECTION "R" (1)
COMPANY

## ORDER AND REASONS

Before the Court is the opposed[1] motion of defendant Blackboard

Insurance Company ("Blackboard") to strike the jury demand of plaintiff

RKM Gretna, LLC ("RKM Gretna").[2]  For the following reasons, the Court

denies the motion.

## I.    BACKGROUND

This case arises out of an insurance dispute related to property damage

incurred during Hurricane Ida in 2021.  On March 6, 2023, plaintiff filed a

petition against Blackboard in state court, alleging that Blackboard failed to

issue  appropriate  and  timely  payments  to  compensate  for  damage  to

plaintiff's property.[3]  Plaintiff's complaint did not include a demand for a jury

---

[1]    R. Doc. 32.
[2]    R. Doc. 29.
[3]    *See* R. Doc. 1-1.

trial.[4]  Defendant removed the case to this Court on April 20, 2023,[5] where it was stayed pursuant to the Hurricane Ida Case Management Order.[6] Magistrate Judge Janis van Meerveld lifted the stay on November 1, 2024, after the parties completed the Hurricane Ida Streamlined Settlement Program, but failed to settle the dispute.[7]  On December 6, 2024, plaintiff moved *ex parte* for leave to amend its petition for damages.[8]  The amended complaint included new allegations and a demand for a jury trial.[9] Defendant did not contest this motion,[10] and it was granted by the Court.[11]

Defendant now moves to strike plaintiff's previously uncontested request for a jury demand as untimely under Federal Rule of Civil Procedure 38(b).[12]  Plaintiff opposes the motion.[13]  The Court considers the motion below.

---

[4]    *See id.*
[5]    R. Doc. 1.
[6]    R. Doc. 6.
[7]    R. Doc. 18.
[8]    R. Doc. 21.
[9]    *Id.*
[10]   *Id.*
[11]   R. Doc. 23.
[12]   R. Doc. 29.
[13]   R. Doc. 32.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 38(b)(1) requires parties to demand a jury trial "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1).  Failure to do so constitutes a waiver by the party of its right to a jury trial.  Fed. R. Civ. P. 38(d).  But even if a party waives its right to a jury under Rule 38, the Court has discretion grant a jury trial under Rule 39(b).

In the Fifth Circuit, it is well-established that "a court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Farias v. Bexar Cnty. Bd. of Trustees*, 925 F.2d 866, 873 (5th Cir. 1991) (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029) (5th Cir. 1980)).  The Seventh Amendment's provision of jury trials is a fundamental right, and "maintenance of the jury as a fact-finding body is of such importance" that "courts should indulge every reasonable presumption against waiver." *McDonald v. Steward*, 132 F.3d 225, 229 (5th Cir. 1998).  A late request for trial therefore "should be favorably received unless there are persuasive reasons to deny it." *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)).

RKM Gretna's original complaint did not include a jury trial demand,[14] nor did it request one within fourteen days of Blackboard's answer to the original complaint.[15]  But RKM Gretna argues in its memorandum in opposition to Blackboard's motion that it timely requested a jury trial under Rule 38(b) because it made its demand at the same time it amended its petition to include new material allegations.[16]

A party may demand a jury trial for issues newly raised in an amended complaint in accordance with Rule 38(b) even after the party has waived its right to a jury trial, but an amended pleading that "merely restates issues previously raised does not revive the right to demand a jury trial when one had not earlier been demanded." *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984).  A complaint raises an issue when it is introduced for the first time. *Id.* (citing *Guajardo v. Estelle*, 580 F.2d 748, 752-53 (5th Cir. 1978)).  "One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute," and "slight modifications in facts or in legal theories presented will not usually render issues different." *Gallardo v. Gulf S. Pipeline Co., L.P.*, No. 3-2195, 2005 WL 1309156, at *2 (E.D. La. May 19, 2005) (quoting *In re N-500L*

---

[14]    *See* R. Doc. 1-1.
[15]    *See* R. Doc. 9.
[16]    R. Doc. 32 at 3.

*Cases*, 691 F.2d 14, 23 (1st Cir. 1982)).  "It is both the similarity of facts and the similarity of the matrix—the legal framework in which the facts are analyzed—that makes issues the same." *Id.*

Plaintiff's amended complaint does not raise a new issue.  The amended complaint includes two new allegations: (1) that plaintiff filed proof of loss on December 14, 2021, but did not receive an initial tender until after March 12, 2022, and (2) that defendant had a second engineer conduct a reinspection of the damaged property on May 20, 2024, who disagrees with the findings of defendant's engineer from the claim process.[17]  These allegations address the same bad faith conduct that plaintiff already asserted in its original petition for damages.[18]  Indeed, the first allegation merely rehashes events described in the original complaint.[19]  Plaintiff's slight modification of its bad faith claim does not revive its right to a jury trial on the issue under Rule 38.

Nevertheless, plaintiff's waiver did not foreclose the Court's discretion to a grant a jury trial under Rule 39(b).  In *Daniel International Corporation v. Fischbach & Moore, Inc.*, 916 F.2d 1061 (5th Cir. 1990), the Fifth Circuit identified five factors to guide the Court's discretion under Rule 39(b): (1)

---

[17]    R. Doc. 24 ¶¶ 36A & 36B.

[18]    *See* R. Doc. 1-1 ¶¶ 13-17, 23-35.

[19]    *Id.* ¶¶ 7-13.

whether the case involves issues which are best tried to a jury, (2) whether permitting the jury trial would result in a disruption of the court's schedule or that of an adverse party, (3) the degree of prejudice to the adverse party, (4) the length of delay in requesting a jury trial, and (5) the reason for that delay. *Id.* at 1064 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)). No single factor is dispositive, and the "trial court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in the particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) (citation omitted). The Court finds that the *Daniel* factors weigh in favor of plaintiff's jury demand and against defendant's motion to strike.

First, the case involves issues well-suited to a jury trial. Courts have consistently recognized that "insurance coverage disputes and bad faith claims" like those raised in this case are "routinely tried by juries." *Downhole & Design Int'l Corp. v. Arch Specialty Ins. Co.*, No. 22-3819, 2024 WL 2722293, at *1 (E.D. La. May 28, 2024) (quoting *Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 6-4262, 2009 WL 1212469, at *2 (E.D. La. Apr. 30, 2009)); *see also Korbel v. Lexington Ins. Co.*, No. 6-7283, 2007 WL 2406996, at *3 (E.D. La. Aug. 21, 2007) (holding that "jury was

6

well-suited to resolve" insurance dispute and bad faith claims arising out of Hurricane Katrina); *Manino v. Lexington Ins. Co.*, No. 6-6627, 2007 WL 2406996, at *1 (E.D. La. June 7, 2007) (same).  Although defendant argues that the case is better suited to adjudication by a judge because it involves complex and technical expert testimony presenting intricate details of construction and damage assessment, this type of expert testimony is "regularly presented to juries in run-of-the-mill insurance cases without any apparent problems."  *Imperial Trading Co.*, 2009 WL 1212469, at *2; *see also Daniel Int'l Corp.*, 916 F.2d at 1064 (although "a contract dispute" involved "extensive documentation," its "operative issues were well within the comprehension of a jury").

Second, granting plaintiff's jury request would not result in a disruption of the court's schedule or that of the defendant.  There are roughly three months left until the start of trial, and the discovery deadline is nearly one month away.[20]

Third, defendant fails to show that it will be substantially prejudiced by a jury trial.  Defendant contends that it has already committed substantial resources preparing for bench trial and that it would have made different decisions related to discovery and case strategy if it knew this matter would

---

[20]    R. Doc. 20.

be before a jury.[21]    But defendant does not specify how it would have conducted the case differently if it was preparing for a jury trial.  *See KFC Corp. v. Iron Horse of Metairie Rd., LLC*, No. 16-16791, 2019 WL 1125478, at *7 (E.D. La. Mar. 12, 2019) (finding limited prejudice where party has not "specifically stated how it would have conducted its depositions, selected its witnesses, or prepared its expert reports differently had it known its claims would be tried by a jury"); *Parakkavetty v. Indus. Int'l, Inc.*, No. 2-1461, 2003 WL 22939104, at *2 (N.D. Tex. Dec. 2, 2003) (granting a Rule 39(b) motion when defendant failed to demonstrate how it would have conducted discovery differently in the event of a jury trial).   Trial strategy and preparation in a hurricane damages case does not vary markedly between a jury and a bench trial.  *See Imperial Trading Co.*, 2009 WL 1212469, at *3 (recognizing defendant insurer possessed jury trial experience with hurricane claims and jury trial preparation "will not be markedly different from that for a bench trial" on those issues); *see also Pandit v. QBE Specialty Ins. Co.*, No. 32-1343, 2025 WL 416104, at *4 (E.D. La. Feb. 6, 2025) (same); *London Town Com. Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 7-8135, 2008 WL 11385380, at *1 (E.D. La. Dec. 5, 2008) (same).

---

[21]    R. Doc. 29-1 at 5-6.

Further, there remains ample time for defendant to prepare for a jury trial. *Imperial Trading*, 2009 WL 1212469, at *4 (finding there to be no prejudice when trial is roughly three months away); *Bailey v. Teachers Ret. Sys. of La.*, No. 96-2339, 1997 WL 240746, at *1 (E.D. La. May 8, 1997) ("Defendant will have more than four months, however, to overcome any such prejudice."). Defendant's contention otherwise[22] is weakened by the fact that defendant did not contest plaintiff's motion to amend its complaint to include the jury demand when it was filed in December,[23] and that it waited well over two months to move to strike the jury demand after the Court granted the motion.[24] The Court therefore finds that the Fifth Circuit's clear preference for jury trials outweighs any prejudice to Blackboard. *See Farias*, 925 F2d at 873.

Lastly, although the year and a half delay between the filing of the complaint and plaintiff's demand for a jury trial weighs in favor of defendant's motion, the delay does not constitute a compelling reason to deny a jury trial here. *See Pandit*, 2025 WL 416104, at *4 (granting Rule 39(b) motion involving a 21-month delay between the filing of the case and plaintiffs' jury trial request); *Imperial Trading Co.*, 2009 WL 12112469, at

---

[22]    R. Doc. 33 at 3.

[23]    R. Doc. 21.

[24]    *See* R. Doc. 23.

9

*4 (granting Rule 39(b) motion involving a two-and-a-half-year delay). Plaintiff's delay is mitigated in part by the fact that the Hurricane Ida Case Management Order stayed all proceedings and pretrial matters in this case between April 20, 2023 and November 18, 2024,[25] and that it filed its amended petition requesting a jury trial a little over two weeks after the stay was lifted. *See Pandit*, 2025 WL 416104, at *5 ("Given the somewhat unique facts of this case due to the Hurricane Ida CMO, which essentially stayed the case during most of that 21-month period, the delay is less significant."); *Imperial Trading Co.*, 2009 WL 12112469, at *4 (recognizing delay was "mitigated somewhat" by the fact that the case was consolidated with the *In re: Katrina Levee Breaches Litigation* until recently). Regardless, to the extent that plaintiff's delay was because of error or inadvertence, it still would not provide a strong or compelling reason to grant defendant's motion to strike. *See Manino*, 2007 WL 1672228, at *1 ("While the final two factors clearly weigh in favor of denying the request for a jury trial, they do not constitute a strong or compelling reason to deny the plaintiffs' request for a jury."); *Korbel*, 2007 WL 2406996, at *3 (same). The Court therefore finds that a jury trial is warranted under Rule 39(b).

---

[25]    *See* R. Docs. 6 & 20.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to strike plaintiff's demand for jury trial and ORDERS the trial in this matter to proceed on July 14, 2025, as a jury trial.

New Orleans, Louisiana, this  21st  day of April, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE